# EXHIBIT 1

## SETTLEMENT AGREEMENT

This Settlement Agreement is entered into as of March 17, 2017 between Plaintiff Michael A. Kelly (the "Class Representative") on behalf of himself and the Settlement Class Members on the one hand, and defendant First Advantage Background Services Corp. ("First Advantage") on the other hand.

## RECITALS

WHEREAS, the Class Representative is the plaintiff in an action titled *Kelly v. First Advantage Background Services Corp.*, No. 3:15-cv-05813-MAS-TJB, United States District Court for the District of New Jersey (the "Action");

WHEREAS, the Action asserts that First Advantage violated the Fair Credit Reporting Act ("FCRA") in connection with the provision of employment screening reports about certain consumers that included public record information by failing to notify such consumers that adverse public record information was being reported about them at the time it reported such information to an employer and also by failing to use strict procedures to assure that the information on the reports was complete and up to date;

WHEREAS, First Advantage denies: (a) the allegations and all liability with respect to any and all facts and claims alleged in the Action; (b) that the Class Representative and the class he purports to represent have suffered any damage; and (c) that the Action satisfies the requirements to be tried as a class action under Federal Rule of Civil Procedure 23;

WHEREAS, contested issues of both law and fact exist concerning the allegations and claims made by the Class Representative and against First Advantage;

1

WHEREAS, the Class Representative and Class Counsel have investigated the facts and law and have engaged in discovery and settlement negotiations relating to the Action, and the Settlement Agreement is a product of sustained, arm's-length negotiations;

WHEREAS, the Parties recognize that the outcome of the Action is uncertain, and that a final resolution through the litigation process could require several more years of protracted adversary litigation and appeals, substantial risk and expense, the distraction and diversion of First Advantage's personnel and resources, and the expense of any possible future litigation raising similar or duplicative claims; and the Parties and their counsel have agreed to resolve the Action as a settlement class action according to the terms of this Settlement Agreement;

NOW THEREFORE, in consideration of the covenants and agreements set forth herein and without (1) any admission or concession on the part of the Class Representative of the lack of merit of the Action whatsoever, or (2) any admission or concession of liability or wrongdoing or the lack of merit of any defense whatsoever by First Advantage, it is hereby stipulated and agreed by the undersigned, on behalf of the Class Representative, the Settlement Class, and First Advantage, that the Action and all claims of the Settlement Class be settled, compromised, and dismissed on the merits and with prejudice as to First Advantage, subject to Court approval as required by Federal Rule of Civil Procedure 23, on the terms and conditions set forth herein.

## 1. Definitions

As used in this Settlement Agreement, the terms set forth in this Section in boldface type will have the following meanings:

**1.1     Administrative Costs.** The sum of all costs incurred by the Settlement Administrator or otherwise in connection with the Settlement Class Notice and administration of the settlement, including mailing costs.

**1.2** **Attorneys' Fees Award.** The amount awarded by the Court to Class Counsel as attorneys' fees and costs as contemplated by Section 5.2.2 hereof.

**1.3** **Attorneys' Fees Award Effective Date.** The last date on which all of the following have occurred:

      (a)     The Effective Date has occurred;

      (b)     The Court has entered an order awarding attorneys' fees and costs; and

      (c)     Either: (i) thirty-five (35) days have passed after completed service on the parties to the Action and all objectors to the settlement of the Action, if any, of notice of entry of the Court's order awarding attorneys' fees and costs in the Action and within such time no appeal is taken or extension for such appeal is granted, or (ii) if an appeal is taken with respect to the Court's award of attorneys' fees and costs in the Action, the date when all appellate rights with respect to such award have expired or have been exhausted in such a manner as to affirm the award, and when no further appeals are possible, including review by the United States Supreme Court, and the appellate court has by final order affirmed the Court's award of attorneys' fees and costs in the Action or has denied review, or the appellant otherwise has exhausted all appellate remedies.

**1.4** **Class Counsel.** Francis & Mailman, P.C., Consumer Litigation Associates, P.C. and Kelly & Crandall, PLC.

**1.5** **Class Representative or Plaintiff.** Michael A. Kelly.

**1.6** **Confidential Information.** All documents and things provided to Class Counsel by First Advantage during the course of the Action, whether by formal discovery or otherwise,

that were designated as confidential. Notwithstanding the above, neither documents nor information described in this Section that were filed in the public record during the course of this Action, unless currently under seal, shall be Confidential Information.

       **1.7**    **Court.** The Honorable Michael Shipp, United States District Court Judge, District of New Jersey; the Honorable Tonianne Bongiovanni, United States Magistrate Judge, District of New Jersey; or such other judge of the District of New Jersey to whom the Action may hereafter be assigned.

       **1.8**    **Defendant's Counsel.** Seyfarth Shaw LLP

       **1.9**    **Effective Date.** The last date on which all of the following have occurred:

          (a)    The Court enters the Final Judgment finally approving the settlement of the Action in a manner substantially consistent with the terms and intent of the Agreement; and

          (b)    Either: (i) thirty-five (35) days have passed after completed service on the parties to the Action and all objectors to the settlement of the Action, if any, of notice of entry of the Court's judgment finally approving the settlement of the Action and within such time no appeal is taken or extension for such appeal is granted, or (ii) if an appeal is taken with respect to the Court's judgment finally approving the settlement of the Action, the date when all appellate rights with respect to the Final Judgment have expired or have been exhausted in such a manner as to affirm the Final Judgment, and when no further appeals are possible, including review by the United States Supreme Court, and the appellate court has by final order affirmed the Court's judgment finally approving

the settlement of the Action or has denied review, or the appellant otherwise has exhausted all appellate remedies.

**1.10    Final Approval.** The approval of the Settlement Agreement by the Court at or after the Final Fairness Hearing, and entry on the Court's docket of the Final Judgment.

**1.11    Final Judgment.** The Final Judgment and Order of Dismissal with Prejudice to be rendered by the Court substantially consistent with this Settlement Agreement in the form attached as Exhibit B hereto.

**1.12    Parties.** The Class Representative, on behalf of himself and the Settlement Class Members, and First Advantage.

**1.13    Preliminary Approval Order.** The Order of Preliminary Approval of Settlement substantially in the form attached as Exhibit A hereto.

**1.14    Released Parties.** First Advantage and its former, current, and future direct and indirect parents, subsidiaries, affiliates, divisions, successors, predecessors, insurers, assignors, assignees, and/or assigns and their respective subsidiaries, divisions, successors, predecessors, assignors, assignees, and/or assigns, and each of their respective present, former, or future, officers, directors, shareholders, agents, control persons, advisors, employees, representatives, insurers, consultants, accountants, attorneys, fiduciaries, heirs, executors, administrators, beneficiaries, trustees, and any representative of the above.

**1.15    Individual Service Award.** The one-time payment to the Class Representative for the time and resources he has put into representing the Settlement Class, as set forth in Section 5.2.1 hereof.

**1.16    Settlement Administrator.** The entity appointed by the Court, pursuant to Section 3.3.1 hereof, to administer notice to the Settlement Class and distribute settlement payments.

**1.17    Settlement Agreement.** This agreement, together with all of its exhibits.

**1.18    Settlement Class.** The class defined in Section 3.1.1, as certified by the Court.

**1.19    Settlement Class Members.** All persons who fall within the Settlement Class.

**1.20    Settlement Class Notice.** The document to be mailed to the Settlement Class Members pursuant to Section 3.3.3 hereof, which shall be substantially in the form of Exhibit C hereto.

**1.21    Settlement Escrow.** An account established to hold funds advanced by First Advantage under Section 5.3 hereof, and from which amounts due thereunder will be paid.

**2.    Settlement Procedures**

On or before March 3, 2017, Plaintiff shall move the Court for an order substantially in the form of Exhibit A hereto:

> (a)    preliminarily approving this Settlement Agreement;
>
> (b)    conditionally certifying the Settlement Class as defined in Section 3.1.1 hereof for settlement purposes only;
>
> (c)    approving the Parties' selection of the Settlement Administrator;
>
> (d)    approving the Settlement Class Notice and the manner of providing it to the Settlement Class described in Section 3.1.1 hereof; and
>
> (g)    setting a Final Fairness Hearing date.

If the Court certifies any class or enters any orders relating to the Class Representative and Class Counsel, such actions shall not be an adjudication of any fact or issue for any purpose

other than the effectuation of this Agreement and shall neither be considered as law of the case or res judicata nor shall have collateral estoppel effect in this or any other proceeding. In the event that Final Approval is not achieved for whatever reason or the Effective Date does not otherwise occur, the Court's orders contemplated by this Section shall be considered null, void, and vacated and shall not be used or cited thereafter by any Party for any purpose in the Action or otherwise.

**3.     The Settlement Class and Notice**

**3.1     Settlement Class.**

**3.1.1**   For settlement purposes only, the Parties agree that the Court may certify a settlement class in this Action pursuant to Federal Rule of Civil Procedure 23(b)(3) (the "Settlement Class"), defined as follows:

> All natural persons residing in the United States (including all territories and other political subdivisions of the United States) (a) who were the subject of a consumer report furnished to a third party by First Advantage using its Advantage Direct platform, (b) that was furnished for an employment purpose, (c) that contained at least one record of a civil lien, bankruptcy or judgment from TransUnion, LLC, (d) on or after January 1, 2013 through December 31, 2015 and (e) to whom First Advantage did not place in the United States mail postage pre-paid, on the day it furnished any part of the report containing the public record, a written notice that it was furnishing the subject report and containing the name of the person that was to receive the report.

3.1.2   Plaintiff shall seek certification of the Settlement Class in connection with his motion for preliminary approval of this settlement. First Advantage agrees not to contest certification of the conditional Settlement Class but reserves its rights to contest any motion to certify a class for trial.

3.2     **Decertification of the Settlement Class if Settlement Not Approved.** If the Court does not grant Final Approval of the settlement reflected in this Settlement Agreement, the certification of any Settlement Class will be vacated and the Parties will be returned to their positions quo ante with respect to the Action as if they had not entered into the Settlement Agreement. In the event that Final Approval is not achieved, the Parties agree that (a) any Court orders preliminarily or finally approving the certification of any class contemplated by this Settlement Agreement shall be considered null, void, and vacated**,** and shall not be used or cited thereafter by any Party, and (b) the fact of the settlement reflected in this Settlement Agreement, that First Advantage did not oppose the certification of any class under this Settlement Agreement, or that the Court preliminarily approved the certification of any Settlement Class, shall not be used or cited thereafter by any Party, including in any contested proceeding relating to the certification of any class.

3.3     **Notice Plan.**

3.3.1   **Court Appointment and Retention of Settlement Administrator.** At the Preliminary Approval hearing, the Parties will propose that the Court appoint Dahl Administration as Settlement Administrator. The Settlement Administrator will facilitate the notice process by assisting the Parties and providing professional guidance in the implementation of the notice plan. The Settlement Administrator shall administer the provision of notice to the Settlement Classes and the provision of payments contemplated by Section 5 hereof.

   **3.3.2 Preparation and Production of Class Lists.** Within ten (10) days after Preliminary Approval, First Advantage will provide the Settlement Administrator with a list of identified Settlement Class Members, such list being prepared pursuant to the procedures set forth herein. In generating the Class List, First Advantage will use commercially reasonable procedures to search its files to identify each person who, based on the information appearing in those files, falls within the required definition. First Advantage and the Settlement Administrator will agree that the Settlement Administrator will maintain the Class List and other information provided to it by or on behalf of First Advantage, including information derived therefrom, in a confidential manner, and that the Settlement Administrator will not provide such Class List or other information to any other person, including Class Counsel and the Class Representative, without the prior written consent of First Advantage. Should First Advantage subsequently decide to remove a member from the Class List, First Advantage shall immediately provide Class Counsel with the reasons for each proposed removal. Settlement Class Counsel shall then have ten (10) days to object to such removal. The parties agree to attempt to resolve any such objections in good faith.

   **3.3.3 The Settlement Class Notice.** Within thirty (30) days after the Court enters Preliminary Approval, the Settlement Administrator will send Settlement Class Notice via U.S. mail, postage prepaid, requesting either forwarding service or change of address service to each Settlement Class Member identified on the Class List. The Settlement Class Notice will be sent to the last known address reflected in the Class List, updated using commercially reasonable procedures, provided that the Settlement Administrator's use of the Accurint® database will be sufficient for this purpose. For up to forty-five (45) days following the mailing of the Settlement Class Notice, the Settlement Administrator will re-mail the Settlement Class Notice via standard

U.S. Mail, postage prepaid, to updated addresses of Settlement Class Members to the extent that it received address change notifications from the U.S. Postal Service. No later than fifteen (15) days before the Final Fairness Hearing in the Action, the Settlement Administrator will file proof of the mailing of the Settlement Class Notice with the Court. Neither the Parties nor the Settlement Administrator will have any further obligation to send notice of the Settlement Agreement to any Settlement Class Member.

       **3.3.4** **Settlement Website.** The Settlement Administrator will create and maintain a Website that will be activated within ten (10) days following entry of the Preliminary Approval Order. The Settlement Website will post the Settlement Agreement, the Settlement Class Notice, the Preliminary Approval Order, the proposed Final Judgment, and, if not included in the Preliminary Approval Order, any court order setting a date and time for the Final Fairness Hearing. The Settlement Administrator will terminate the Settlement Website on the date: (1) thirty (30) days after the date the last check is issued under this Settlement Agreement; or (2) the date on which the settlement is terminated or otherwise not approved by a court.

       **3.3.5** **CAFA Notice.** First Advantage shall serve any notice of the settlement that meets the requirements of CAFA, 28 U.S.C. § 1715, on the appropriate federal and state officials not later than ten (10) days after the filing of this Settlement Agreement with the Court. First Advantage shall file with the Court a certification of the date upon which the CAFA Notice was served.

       **3.3.6** **Costs.** The costs associated with the Notice and Administration Plan shall be paid from the Settlement Fund.

**3.4**     **Opt-outs and Objections by Settlement Class Members**.

**3.4.1    Procedures for Opt-outs.** Any request to opt out of the Settlement Class must be in writing and must include the name, address, and telephone number of the person seeking to opt out and a statement that the person wishes to opt out of such release. The opt-out request must be personally signed by the Settlement Class Member who seeks to opt out; no Settlement Class Member may opt out by having a request to opt out submitted by an actual or purported agent or attorney acting on behalf of the Settlement Class Member. No opt-out request may be made on behalf of a group of Settlement Class Members. Each Settlement Class Member who does not submit an opt-out request substantially in compliance with this Section forty-five (45) or more days before the Final Fairness Hearing date specified in the Settlement Class Notice shall be deemed to participate in the settlement and all releases provided in this Settlement Agreement. For purposes of determining timeliness, an opt-out request shall be deemed to have been submitted when postmarked by the United States Postal Service or other expedited mail service. The Settlement Administrator shall provide copies of all requests to opt out to Class Counsel and First Advantage's Counsel. No later than ten (10) days prior to the Final Fairness Hearing, Settlement Class Counsel shall prepare and file with the Court, and serve on First Advantage's counsel, a list of all persons who have timely opted out of the Settlement Class, as compiled by the Settlement Administrator. At that time, Class Counsel shall also supply its determinations as to whether any request to opt out of the Settlement Class was not submitted timely, and provide written notification to any Settlement Class Member whose request to opt out of the Settlement Class was not submitted on a timely basis.

**3.4.2    Effect of Opt-Outs by Settlement Class Members.** It is estimated that there are approximately 8,714 Settlement Class Members. The Class Representative or Class

Counsel may terminate this Settlement Agreement and declare it null and void ab initio if the size of the Settlement Class becomes materially larger than 10,000 individuals. If five percent (5%) or more of the combined Settlement Class Members opt out of the release provided for in Section 4 hereof, then First Advantage shall have the option to rescind this Settlement Agreement, in which case all of First Advantage's obligations under this Settlement Agreement shall cease to be of any force and effect, and this Agreement shall be rescinded, cancelled, and annulled. If First Advantage exercises this option, then the Parties shall return to their respective positions in the manner and effect as set forth in Section 3.2 hereof.

### 3.4.3   Procedure for Objections.

(a)     Any Settlement Class Member who has not timely opted-out of the settlement and who wishes to object to the fairness, reasonableness, or adequacy of any aspect of the Settlement Agreement, including without limitation the compensation to be paid to Class Counsel, must deliver an objection, in writing, to Class Counsel and First Advantage's Counsel and must also file the objection with the Court, no later than forty-five (45) days before the Final Fairness Hearing or as the Court may otherwise direct.

(b)     Written objections must include: (i) the objector's name, address, and telephone number; (ii) the name of this Action and the case number; (iii) a statement of each objection; and (iv) a written brief detailing the specific basis for each objection, including any legal and factual support the objector wishes to bring to the Court's attention and any evidence the objector wishes to introduce in support of the objection.

(c)     If the objection is made through an attorney, the written objection must also include the identity of the Settlement Class Member represented by objector's counsel. No objection may be made on behalf of a group of Settlement Class Members.

(d)      Any Settlement Class Member who files and serves a written objection satisfying the requirements of this Section may appear at the Final Fairness Hearing, either in person or through personal counsel hired at the Settlement Class Member's expense, to object to any aspect of the fairness, reasonableness, or adequacy of the Settlement Agreement. Settlement Class Members, or their attorneys, intending to make an appearance at the Final Fairness Hearing must deliver to Class Counsel and First Advantage's Counsel and have file-marked by the Court, no later than thirty (30) days before the Final Fairness Hearing or as the Court otherwise may direct, a Notice of Intention to Appear. The Notice of Intention to Appear must: (i) state how much time the Settlement Class Member anticipates he/she needs to present the objection; (ii) identify, by name, address, telephone number all witnesses the Settlement Class Member proposes to have testify; (iii) summarize in detail the anticipated testimony of all such witnesses; (iv) identify all exhibits the Settlement Class Member intends to offer in support of the objection; and (v) attach complete copies of all such exhibits.

**4.      Release of Claims**

Release By Settlement Class. Upon Final Approval, the Class Representative, each Settlement Class Member who has not opted out of the settlement in accordance with the terms of this Settlement Agreement, and each of their respective executors, representatives, heirs, successors, bankruptcy trustees, guardians, wards, agents and assigns, and all those who claim through them or who assert claims on their behalf, will be deemed to have completely waived, released and forever discharged the Released Parties, and each of them, from any claims, charges, complaints, actions, causes of action, grievances, controversies, disputes, demands, agreements, contracts, covenants, promises, liabilities, judgments, obligations, debts, damages (including, but not limited to, actual, statutory, compensatory, punitive, and liquidated damages),

attorneys' fees, costs, and/or any other liabilities of any kind, nature, description, or character whatsoever, including, without limitation, those based on any federal, state, or local law, statute, ordinance, executive order, constitution, regulation, common law, or public policy, known or unknown, or suspected or unsuspected that the Class Representative or any Settlement Class Member ever had, now has, or may have in the future resulting from, arising out of, or in any way, directly or indirectly, connected with any act, omission, event, incident, matter, dispute, or injury arising from First Advantage's failure to comply with 15 U.S.C. §§ 1681g and 1681k, or from any of the facts alleged in the Action.

**5.      Settlement Relief**

  **5.1      Automatic Payment to Settlement Class Members.**

    **5.1.1**   The Individual Settlement Payment to each Settlement Class Member who does not opt out of the Settlement Class shall be a *pro rata* portion of those funds remaining in the Settlement Escrow after the distribution of attorney's fees and costs, notice costs, administration costs, and the Class Representative's Individual Settlement Award and Service Payment.

  **5.2      Other Payments Under the Settlement Agreement.**

    **5.2.1    Individual Service Award.** Class Counsel will seek the Court's approval of an Individual Settlement Award and Service Payment, in the Court's discretion, of up to Five Thousand Dollars ($5,000) for the Class Representative. First Advantage will not oppose an Individual Settlement Award and Service Payment of up to Five Thousand Dollars ($5,000) for the Class Representative.

    **5.2.2    Attorneys' Fees, Costs, and Other Expenses.** No later than ten (10) days in advance of the Final Fairness Hearing, Class Counsel shall make an application to the Court

for an award of attorneys' fees, costs, and other expenses, to be paid from the Settlement Escrow in an amount not to exceed $250,000. The Court's award thereon (the "Attorneys' Fees Award") shall include all fees, costs, and other expenses for all attorneys (and their employees, consultants, experts, and other agents) who performed work in connection with the Action on behalf of the Settlement Class Members. The Parties shall include in the Settlement Class Notice a reasonable estimate of the amount that Class Counsel will request as the Attorneys' Fee Award. First Advantage will not oppose an application for the payment of attorneys' fees, costs and other expenses up to $250,000. This agreement with respect to attorneys' fees and expenses was not negotiated until after the substantive relief to the Settlement Class was negotiated and agreed upon.

  **5.3 Funding of Payments Under the Settlement Agreement.**

   **5.3.1** Within five (5) business days of the Court's entry of the Preliminary Approval Order, First Advantage shall remit to the Settlement Administrator for deposit into the Settlement Escrow funds in the amount of $25,000.

   **5.3.2** Within five (5) business days of the Effective Date, First Advantage shall remit to the Settlement Administrator for deposit into the Settlement Escrow funds in the amount of $725,000.

  **5.4 Disbursements by the Settlement Administrator.**

   **5.4.1** Each of the payments due under Sections 5.1, 5.2, and 5.3 hereof shall be made by the Settlement Administrator within ten (10) business days after the funding of the Settlement Escrow pursuant to Section 5.3.2 hereof, provided, however, that any disbursement under Section 5.2.2 shall not be made before the Attorneys' Fees Award Effective Date

5.4.2    If the Settlement Agreement becomes null and void, all funds remitted by First Advantage under Section 5.3 shall be returned immediately to First Advantage, whether those funds are held by the Settlement Administrator or in the Settlement Escrow.

5.4.3    Except as provided in Section 5, no funds shall be disbursed from the Settlement Escrow without the consent of both Parties.

**5.5**    **Administrative Costs.** The Settlement Administrator shall provide an accounting of the Settlement Escrow account 150 days after the Effective Date. Either of the Parties may dispute that accounting with the Court.

**5.6**    *Cy Pres* **Distributions.** If any money remains in the Escrow Account after funding of all payment set forth herein, the Parties shall jointly propose to the Court, in an exercise of its continuing discretion, that the remaining funds shall be paid to Community Legal Services as *cy pres* recipient.

**6.    Dismissal of the Action**

The Class Representative, on behalf of himself and the Settlement Class Members consents to the dismissal of this Action with prejudice. The Parties hereby stipulate to the entry of the Final Judgment in a form substantially the same as Exhibit B following Final Approval of the Settlement Agreement by the Court.

7.      **Notices**

Any communication, verification, or notice sent by any Party in connection with this Settlement Agreement shall be effected by personal delivery, regular first class mail, facsimile and/or overnight courier as follows:

**To Plaintiffs:**                                      **To Defendant:**

James A. Francis                            Frederick T. Smith
Francis & Mailman, P.C.                    Esther Slater McDonald
Land Title Building, 19th Floor             Seyfarth Shaw LLP
100 South Broad Street          1075 Peachtree Street, N.E., Suite 2500
Philadelphia, PA 19110                     Atlanta, GA 30309

8.      **Miscellaneous**

**8.1      Entire Agreement.** This Settlement Agreement along with the attached exhibits contains the entire agreement between the Parties and supersedes all prior understandings, agreements, or writings regarding the subject matter of this Settlement Agreement.

**8.2      No Liability.** This Settlement Agreement does not constitute, is not intended to constitute, and will not under any circumstances be deemed to constitute, an admission by either party as to the merits, validity, or accuracy, or lack thereof, of any of the allegations or claims in this Action. This Settlement Agreement does not constitute a waiver of any defenses or affirmative defenses that First Advantage or its successors may be entitled to assert in any future litigation, including the applicable statute of limitations.

**8.3      Invalidity on Modification or Disapproval.** In the event any court disapproves or sets aside this Settlement Agreement or any material part hereof for any reason, or holds that it will not enter or give effect to the Final Judgment without material modification, or holds that the entry of the Final Judgment or any material part thereof should be overturned or modified in any material way, then:

(a) If all Parties do not agree jointly to appeal such ruling, this Settlement Agreement will become null and void, and this Action will continue, and the Parties stipulate to joint motions (i) that any and all orders entered pursuant to this Settlement Agreement be vacated, and (ii) that any and all dismissals pursuant to this Agreement will be vacated; or

(b) if the Parties do agree to jointly appeal such ruling and if the Final Judgment or its equivalent in all material respects is not in effect after the termination of all proceedings arising out of such appeal, this Settlement Agreement will become null and void, and this Action will continue, and the Parties stipulate to joint motions (i) that any and all orders entered pursuant to this Agreement be vacated, including, without limitation, any order modifying the class certification order or permitting amendment of the complaint to conform the complaint to the class definition set out in Section 3.1, and (ii) that any and all dismissals pursuant to this Agreement will be vacated.

**8.4    Amendment.** This Settlement Agreement may be amended or modified only by a written instrument signed by all Parties or their successors in interest or their duly authorized representatives.

**8.5    Taxes.** The Settlement Class Members, Class Representative, and Class Counsel shall be responsible for paying any and all federal, state, and local taxes due on any payments made to them pursuant to the Settlement Agreement.

9.     **Representations and Warranties**

9.1     **No Additional Persons with Financial Interest.** The Class Representative and Class Counsel represent and warrant that the term "Class Counsel" as defined in Section 1.4 hereof includes all persons (natural or legal) having any interest in any award of attorneys' fees or costs in connection with the Actions.

9.2     **Parties Authorized to Enter into Settlement Agreement.** The Class Representative and First Advantage represent and warrant that they are fully authorized to enter into this Settlement Agreement and to carry out the obligations provided for herein. Each person executing this Settlement Agreement on behalf of a Party covenants, warrants and represents that he or she is and has been fully authorized to do so by such Party. Each Party hereto further represents and warrants that he/it intends to be bound fully by the terms of this Settlement Agreement.

9.3     **No Attempt by Parties to Object.** The Class Representative, Class Counsel and First Advantage each represent and warrant that they have not made, nor will they make, any attempt to (a) void this Settlement Agreement in any way except as provided herein, or (b) solicit, encourage, or assist in any fashion any effort by any person (natural or legal) to object to the settlement under this Settlement Agreement.

9.4     **Signatures.** The Parties and their counsel may sign separate copies of this Settlement Agreement, which together will constitute one agreement. Each person executing this Settlement Agreement warrants that such person has the full authority to do so. In addition, signature by facsimile will constitute sufficient execution of this Settlement Agreement.

9.5     **Best Efforts.** The Parties agree that the terms of the Settlement Agreement reflect a good-faith settlement of disputed claims. Class Counsel and First Advantage consider the

settlement effected by this Settlement Agreement to be fair and reasonable and will use their best efforts to seek approval of the Settlement Agreement by the Court, including amendment of the complaint to incorporate the definition of the Settlement Class, if necessary, and in responding to any objectors, intervenors, or other persons or entities seeking to preclude the Final Approval of this Settlement Agreement. This obligation is subject to First Advantage's rights to terminate the Settlement Agreement as provided herein.

**9.6    Time Periods.** The time periods and dates described in this Settlement Agreement with respect to the giving of notices and hearings are subject to Court approval and modification by the Court or by written stipulation of the Counsel.

**9.7    Governing Law.** Except where otherwise provided for herein, this Settlement Agreement is intended to and shall be governed by the laws of the State of New Jersey.

**9.8    No Construction Against Drafter.** This Settlement Agreement shall be deemed to have been drafted by the Parties, and any rule that a document shall be interpreted against the drafter shall not apply to this Settlement Agreement.

**9.9    Agreement Binding on Successors in Interest.** This Settlement Agreement shall be binding on and inure to the benefit of the respective heirs, successors, and assigns of the Parties.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

**Named Plaintiff:**

_____
Michael A. Kelly

**Counsel for Named Plaintiff and
Settlement Class:**


_____

James A. Francis
Francis & Mailman, P.C.
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110

**Named Plaintiff:**

_____

Michael A. Kelly


**Counsel for Named Plaintiff and
Settlement Class:**

_____

James A. Francis
Francis & Mailman, P.C.
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110

**Defendant**

_____

First Advantage Background Services Corp.

Name: Brad T Jardine

Title: General Counsel

**Counsel for Defendant** First Advantage
Background Services Corp.

_____

Frederick T. Smith
Seyfarth Shaw LLP
1075 Peachtree Street, N.E., Suite 2500
Atlanta, GA 30309

22

**EXHIBIT A**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY
# TRENTON DIVISION

| | | |
|---|---|---|
| MICHAEL KELLY, on behalf of himself and all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>v.<br><br><br>FIRST ADVANTAGE BACKGROUND SERVICES CORP.<br><br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 3:15-cv-05813-MAS-TJB |

## ORDER PRELIMINARILY APPROVING SETTLEMENT
## AND DIRECTING NOTICE TO CLASS

The Court, having reviewed the Settlement Agreement entered by the parties, hereby

Orders that:

1.　　The Court has considered the proposed settlement of the claims asserted by the

class of employees and job applicants defined as follows (the "Settlement Class"):

> All natural persons residing in the United States (including all territories and other political subdivisions of the United States) (a) who were the subject of a consumer report furnished to a third party by First Advantage using its Advantage Direct platform, (b) that was furnished for an employment purpose, (c) that contained at least one record of a civil lien, bankruptcy or judgment from TransUnion, LLC, (d) on or after January 1, 2013 through December 31, 2015 and (e) to whom First Advantage did not place in the United States mail postage pre-paid, on the day it furnished any part of the report containing the public record, a written notice that it was furnishing the subject report and containing the name of the person that was to receive the report.

2.　　The Settlement Agreement entered between the parties as of March 17, 2017,

appears, upon preliminary review, to be fair, reasonable and adequate to the Settlement Class.

**EXHIBIT A**

Accordingly, the proposed settlement is preliminarily approved, pending a Final Fairness Hearing as provided for herein.

3.      The prerequisites to a class action under Fed. R. Civ. P. 23(a) have been satisfied in that:

(a)      there are approximately 8,714 members of the Class;

(b)      the claims of the Class Representative are typical of those of the other members of the Settlement Class;

(c)      there are questions of fact and law that are common to all members of the Class; and

(d)      the Class Representative will fairly and adequately protect the interests of the Class and has retained Class Counsel experienced in consumer class action litigation who have represented and will continue to represent the Class adequately.

4.      This action is maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because: (a) a class action is superior to other available methods for the fair and efficient adjudication of this controversy; and (b) questions of fact and law common to the members of the Settlement Class predominate over any questions affecting only individual members.

5.      The Court appoints Plaintiff Michael Kelly as the Class Representative and James A. Francis, John Soumilas, and Lauren KW Brennan of the law firm of Francis & Mailman, P.C., Kristi Kelly of the law firm of Kelly & Crandall, PLC, and Leonard A. Bennett of Consumer Litigation Associates, P.C., as counsel for the Class ("Class Counsel").

6.      The Court will hold a Final Fairness Hearing pursuant to Fed. R. Civ. P. 23(e) on _____, 2017 *(at least 120 days after entry of Preliminary Approval Order)* in Courtroom _____ at _____ _.m. for the following purposes:

2

# EXHIBIT A

(a)     To determine whether the proposed settlement is fair, reasonable and adequate and should be granted final approval by the Court;

(b)     To determine whether a final judgment should be entered dismissing the claims of the Settlement Class with prejudice, as required by the Settlement Agreement;

(c)     To consider the application of Class Counsel for an award of attorneys' fees and expenses and for a service award to the Class Representative; and

(d)     To rule upon other such matters as the Court may deem appropriate.

7.     (a)     Within thirty (30) days of entry of this Order, the Settlement Administrator shall send the Notice in the form attached to the Settlement Agreement as Exhibit C to the last known first class mailing address of Class Members as reflected in Defendant's records.

(b)     Not later than fifteen (15) days before the Final Fairness Hearing, the Settlement Administrator will file proof of the mailing of the Settlement Class Notice with the Court.

8.     The Court finds this manner of giving notice fully satisfies the requirements of Fed. R. Civ. P. 23 and due process, constitutes the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

9.     If a Class Member chooses to opt-out of the Class, such Class Member is required to submit a request for exclusion to the Settlement Administrator, post-marked on or before the date specified in the Class Notice, which shall be no later than forty-five (45) days before the date of the Final Fairness Hearing or as the Court otherwise may direct.  A Class Member who submits a request for exclusion using the procedure identified above shall be excluded from the Settlement Class for any and all purposes.  The Settlement Administrator shall provide copies of all requests to opt out to Class Counsel and Defendant's Counsel.  No later than ten (10) days prior to the Final

**EXHIBIT A**

Fairness Hearing, Class Counsel shall prepare and file with the Court, and serve on Defendant's counsel, a list of all persons who have timely opted out of the Settlement Class, as compiled by the Settlement Administrator. At that time, Class Counsel shall also supply its determinations as to whether any request to opt out of the Settlement Class was not submitted timely, and provide written notification to any Settlement Class Member whose request to opt out of the Settlement Class was not submitted on a timely basis..

10.     A Class Member who does not file timely a request for exclusion shall be bound by all subsequent proceedings, orders, and judgments in this action.  Any Class Member who submits a timely request for exclusion may revoke his or her request for exclusion by submitting to the Settlement Administrator a written statement of revocation, postmarked or received no later than fourteen (14) days before the date of the Final Fairness Hearing.

11.     Any Class Member who wishes to be heard orally at the Final Fairness Hearing, and/or who wishes for any objection to be considered must file a written notice of objection within forty-five (45) days before the Final Fairness Hearing.  The notice of objection shall be sent by First Class United States Mail to: (a) Class Counsel; (b) Defendant's Counsel; and (c) the Clerk of the Court.  Such objection shall be personally signed; shall state the caption of the Action and the name, address and telephone number of the person objecting to the settlement; and shall include a detailed statement of each objection asserted, including the grounds for objection and reasons for appearing and being heard, together with any documents such person wishes to be considered in support of the objection, and all relief sought.  Any objector wishing to be heard at the Final Fairness Hearing must also file a notice of intent to appear with the Court Clerk's office and must provide both Class Counsel and Defendant's Counsel with copies of the notice of intent to appear.

4

# EXHIBIT A

12.     No later than ten (10) days prior to the Final Fairness Hearing, Class Counsel shall prepare and file with the Court and serve on Defendant's counsel a list of all persons who have timely objected to the settlement.

13.     All briefs, memoranda, petitions and affidavits to be filed in support of final approval of the settlement, for an individual award to the Class Representative and for an award of attorneys' fees and expenses shall be filed not later than ten (10) days before the Final Fairness Hearing.

14.     The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the Settlement Agreement.

BY THE COURT:

_____

MICHAEL SHIPP
U.S.D.J.

Dated:

5

**EXHIBIT B**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## TRENTON DIVISION

| | |
|---|---|
| MICHAEL KELLY, on behalf of himself and all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:15-cv-05813-MAS-TJB ) ) |
| FIRST ADVANTAGE BACKGROUND SERVICES CORP. | ) ) ) ) |
| Defendant. | ) ) |

_____

### FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

This matter, having come before the Court on Plaintiff's Motion for Final Approval of the proposed class action settlement with Defendant First Advantage Background Services Corp.; the Court having considered all papers filed and arguments made with respect to the settlement, and having provisionally certified, by Order entered _____, a Class, and the Court, being fully advised in the premises, finds that:

1.      This action satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23(a) and (b).  The class as defined in the Settlement Agreement (the "Class") is so numerous that joinder of all members is not practicable, there are questions of law and fact common to the Class, the claims of the Class Representative are typical of the claims of the Class, and the Class Representative will fairly and adequately protect the interests of the Class. Questions of law and fact common to the members of the Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

**EXHIBIT B**

2.      Notice to the Class required by Rule 23(e) of the Federal Rules of Civil Procedure has been provided in accordance with the Court's Preliminary Approval Order, and such notice has been given in an adequate and sufficient manner; constitutes the best notice practicable under the circumstances; and satisfies Rule 23(e) and due process.

3.      Defendant has timely filed notification of this settlement with the appropriate officials pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.

4.      The Settlement Agreement was arrived at as a result of arms-length negotiations conducted in good faith by counsel for the parties and is supported by the Class Representative.

5.      The settlement as set forth in the Settlement Agreement is fair, reasonable and adequate to the Class Members in light of the complexity, expense and duration of litigation and the risks involved in establishing liability, damages and in maintaining the class action through trial and appeal.

6.      The relief provided under the settlement constitutes fair value given in exchange for the Release of the Released Claims only against the Released Parties, as those terms are defined in the Settlement Agreement.

7.      The persons listed on Exhibit A hereto have validly excluded themselves from the Class in accordance with the provisions of the Preliminary Approval Order.

8.      The parties and each Class Member have irrevocably submitted to the exclusive jurisdiction of this Court for any suit, action, proceeding or dispute arising out of the Settlement Agreement until the Settlement Escrow has been fully disbursed in accordance with Paragraph 5.

9.      Without in any way affecting the finality of this Final Judgment and Order of Dismissal With Prejudice for purposes of appeal, this Court hereby retains jurisdiction as to all

**EXHIBIT B**

matters relating to the interpretation, administration, implementation, effectuation, and/or enforcement of the Settlement Agreement and/or this Order.

    IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

    10.    This action is a class action against Defendant First Advantage Background Services Corp. on behalf of a Class defined as follows:

> All natural persons residing in the United States (including all territories and other political subdivisions of the United States) (a) who were the subject of a consumer report furnished to a third party by First Advantage using its Advantage Direct platform, (b) that was furnished for an employment purpose, (c) that contained at least one record of a civil lien, bankruptcy or judgment from TransUnion, LLC, (d) on or after January 1, 2013 through December 31, 2015 and (e) to whom First Advantage did not place in the United States mail postage pre-paid, on the day it furnished any part of the report containing the public record, a written notice that it was furnishing the subject report and containing the name of the person that was to receive the report.

    11.    The Settlement Agreement submitted by the parties is finally approved pursuant to Rule 23(e) of the Federal Rules of Civil Procedure as fair, reasonable and adequate and in the best interests of the Class and the parties are directed to consummate the Settlement Agreement in accordance with its terms.

    12.    This action is hereby dismissed on the merits with prejudice and without costs.

    13.    As agreed by the parties in the Settlement Agreement, upon the Effective Date, Defendant First Advantage Background Services Corp. and its former, current, and future direct and indirect parents, subsidiaries, affiliates, divisions, successors, predecessors, insurers, assignors, assignees, and/or assigns and their respective subsidiaries, divisions, successors, predecessors, assignors, assignees, and/or assigns, and each of their respective present, former, or future, officers, directors, shareholders, agents, control persons, advisors, employees, representatives, insurers, consultants, accountants, attorneys, fiduciaries, heirs, executors, administrators, beneficiaries, trustees, and any representative of the above (collectively the

**EXHIBIT B**

"Released Parties"), shall be released and discharged from the claims outlined in Section 4 of the Settlement Agreement ("Release of Claims").

14.     Without in any way affecting the finality of this Final Judgment and Order of Dismissal With Prejudice for purposes of appeal, this Court hereby retains jurisdiction as to all matters relating to the interpretation, administration, implementation, effectuation, and/or enforcement of the Settlement Agreement and/or this Order.

15.     Upon consideration of Class Counsel's application for fees and reimbursement of expenses, the Court shall enter a separate Order awarding reasonable fees and expenses in an amount to be set forth in that Order.

16.     Upon consideration of the application for an individual settlement award, the Class Representative, Michael Kelly, is awarded the sum of five thousand dollars ($5,000.00) in consideration of his individual claim against Defendant and for the valuable service he has performed for and on behalf of the Class.

17.     Upon consideration of Plaintiff's unopposed request, Community Legal Services is approved as an additional *cy pres* recipient for purposes of Paragraph 5.6 of the Settlement Agreement.

18.     The Court finds, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay, and directs the Clerk to enter final judgment.


BY THE COURT:


_____
MICHAEL SHIPP
U.S.D.J.

Dated: _____

# EXHIBIT C

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## TRENTON DIVISION

| | |
|---|---|
| MICHAEL KELLY, on behalf of himself and all others similarly situated, <br><br>      Plaintiff, <br><br> v. <br><br> FIRST ADVANTAGE BACKGROUND SERVICES CORP. <br><br>      Defendant. | ) ) ) ) ) ) ) ) ) ) ) <br><br> Case No. 3:15-cv-05813-MAS-TJB |

## NOTICE OF CLASS ACTION SETTLEMENT

This is a notice of a proposed settlement in a class action lawsuit against First Advantage and is being sent by order of the United States District Court for the District of New Jersey.  You are a member of the class and your legal rights will be affected by the settlement of this lawsuit.

### PLEASE READ THIS NOTICE CAREFULLY.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **DO NOTHING** | If the Court approves the settlement and you do nothing, you will be considered a member of the Settlement Class and will release certain claims and remedies that you have. As a member of the Settlement Class, you will be mailed a cash payment in the approximate amount of $54.50. The full release and definition of the released parties are available on the settlement website, **www.         ** |
| **EXCLUDE YOURSELF** | You have the right to exclude yourself ("opt out") from the settlement by sending a written request addressed to "Exclusion—*Kelly v First Advantage* Settlement Administrator" at        . You must state that you wish to be excluded from the settlement, you must provide your current address, and you must sign the letter yourself.  If you validly opt out, you will not receive any monetary payment from the settlement and you will not have any right to object to the settlement, but you will not be bound by the terms of the settlement. The opt-out deadline is        . |
| **OBJECT** | You remain a class member, but write to the Court and explain why you don't think the settlement is fair, reasonable, or adequate. The deadline to object is        . |

# EXHIBIT C

**IF YOU WOULD LIKE FURTHER INFORMATION, YOU CAN CONTACT THE
SETTLEMENT ADMINISTRATOR, DAHL ADMINISTRATION, AT
www._____ or 1-800-_____
or
THE LAWYERS REPRESENTING YOU AND THE CLASS AT (703) 424-7730**

## 1. WHAT IS THIS LAWSUIT ABOUT?

Michael Kelly (the "Plaintiff") claims that the Defendant violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (the "FCRA") in connection with preparing employment-purpose consumer reports. Specifically, the Plaintiff contends that the Defendant violated the FCRA by failing to provide written notice to consumers who were the subject of consumer reports containing public record information such as a tax lien, bankruptcy, or judgment at the time Defendant provided the report to potential employers. You are receiving this notice because you are a member of the Settlement Class. There are approximately 8,714 individuals that are part of the Settlement Class.

The Defendant denies the Plaintiff's claims, contends that it acted lawfully and in compliance with the FCRA at all times, and states that it properly sent written notice the Plaintiff and the Settlement Class. The Court has not made any findings regarding liability or damages, nor has the Court expressed an opinion on the merits of the Plaintiff's claims.

The Plaintiff and the Defendant have agreed to settle the Lawsuit to avoid the burden, expense, risk, and uncertainty of continuing the litigation and to achieve a final resolution.

The Settlement Class is defined as follows: All natural persons residing in the United States (including all territories and other political subdivisions of the United States) (a) who were the subject of a consumer report furnished to a third party by First Advantage using its Advantage Direct platform, (b) that was furnished for an employment purpose, (c) that contained at least one record of a civil lien, bankruptcy or judgment from TransUnion, LLC, (d) on or after January 1, 2013 through December 31, 2015, and (e) to whom First Advantage did not place in the United States mail postage pre-paid, on the day it furnished any part of the report containing the public record, a written notice that it was furnishing the subject report and containing the name of the person that was to receive the report.

## 2. WHAT CAN I GET OUT OF THE SETTLEMENT?

A $750,000.00 Settlement Fund will be used to make cash payments to the Settlement Class Members, as well as to pay attorneys' fees and costs, a service award to the Plaintiff, and notice and administration expenses. The settlement provides for cash payments for Settlement Class Members. Each Settlement Class Member will be entitled to a payment, made by check, in the amount of approximately $54.50 after deduction from the Settlement Fund of the attorneys' fees and costs, the service award, and notice and administration expenses.

# EXHIBIT C

You do not need to do anything to receive a cash payment under this settlement. If the settlement is finally approved, you will automatically receive a cash payment unless you have excluded yourself from the Settlement Class. The check will be mailed to the address appearing in the Defendant's records. If your address has changed or is changing, you may contact the Settlement Administrator at the address listed at the bottom of this notice.

**3. WHAT RIGHTS AM I GIVING UP THE SETTLEMENT?**

Any excess remaining funds from uncashed checks will go to a *cy pres* recipient, Community Legal Services, subject to approval by the Court.

If you do nothing, you will be part of the Settlement Class. As part of the Settlement Class, you will give up your right to file or continue a lawsuit based on any released claims, including the Defendant's failure to provide you a notice at the time it sent a background check that included public record information to you. The "Release" contained in the Settlement Agreement states:

> Upon Final Approval, the Class Representative, each Settlement Class Member who has not opted out of the settlement in accordance with the terms of this Settlement Agreement, and each of their respective executors, representatives, heirs, successors, bankruptcy trustees, guardians, wards, agents and assigns, and all those who claim through them or who assert claims on their behalf, will be deemed to have completely waived, released and forever discharged the Released Parties, and each of them, from any claims, charges, complaints, actions, causes of action, grievances, controversies, disputes, demands, agreements, contracts, covenants, promises, liabilities, judgments, obligations, debts, damages (including, but not limited to, actual, statutory, compensatory, punitive, and liquidated damages), attorneys' fees, costs, and/or any other liabilities of any kind, nature, description, or character whatsoever, including, without limitation, those based on any federal, state, or local law, statute, ordinance, executive order, constitution, regulation, common law, or public policy, known or unknown, or suspected or unsuspected that the Class Representative or any Settlement Class Member ever had, now has, or may have in the future resulting from, arising out of, or in any way, directly or indirectly, connected with any act, omission, event, incident, matter, dispute, or injury arising from First Advantage's failure to comply with 15 U.S.C. §§ 1681g and 1681k, or from any of the facts alleged in the Action.

**4. HOW DO I EXCLUDE MYSELF FROM THE SETTLEMENT?**

If you do not want a benefit from this settlement, but you want to maintain your right to sue or continue to sue the Defendant on your own about the legal issues in this case, you must take steps to exclude yourself from the Settlement Class. This is sometimes referred to as "opting out" of the Settlement Class.

**EXHIBIT C**

To exclude yourself from the settlement, you must send a letter stating that you want to be excluded from the settlement of *Kelly v. First Advantage Background Services Corp.* Be sure to include: (1) the name of this lawsuit, *Kelly v. First Advantage Background Services Corp.*, Case No. 3:15-cv-05813-MAS-TJB; (2) your full name, current address, telephone number, and last four digits of your Social Security number; (3) a statement of intention to exclude yourself from the settlement; and (4) your signature. You must mail your Exclusion Request so that it is postmarked no later than _____, 2017 to: _____.

## 5. DO I HAVE A LAWYER IN THE CASE?

In connection with the preliminary approval of the settlement, the Court appointed James A. Francis, John Soumilas, and Lauren KW Brennan of Francis & Mailman, P.C., Kristi Kelly of Kelly & Crandall, PLC, and Leonard Bennett of Consumer Litigation Associates, P.C. to represent you and other members of the Settlement Class. Together, the attorneys are called "Class Counsel." These lawyers will not separately charge you for their work on the case.

If you want to be represented by your own lawyer, you may hire one at your own expense.

Class Counsel will ask the Court for an award of attorneys' fees and costs and expenses incurred in this matter, which the Defendant has agreed to pay as part of the Settlement Fund, with Class Counsel requesting no more than $250,000. However, the Court may ultimately award less than this amount. The Plaintiff will ask the Court to approve a payment of an amount not to exceed $5,000 total as a service award for his efforts and time expended in prosecuting this case. However, the Court may ultimately award less than this amount.

## 6. HOW DO I TELL THE COURT THAT I DO NOT LIKE THE SETTLEMENT?

If you are a Settlement Class Member, you can object to the settlement if you do not think any part of the settlement is fair, reasonable, or adequate. You can and should explain the detailed reasons why you think that the Court should not approve the settlement, if this is the case. To object, you must send a letter stating that you object to the settlement. In your letter, be sure to include: (1) the name of this lawsuit, *Kelly v. First Advantage Background Services Corp.*, Case No. 3:15-cv-05813-MAS-TJB; (2) your full name, current address, telephone number, and last four digits of your Social Security number; (3) a detailed explanation of the reasons you object to the settlement and any papers in support of your position; and (4) a signed verification of membership in the Settlement Class. Mail the foregoing to these three different places postmarked by _____, 2017:

| **COURT** | **CLASS COUNSEL** | **DEFENSE COUNSEL** |
|---|---|---|
| Clerk of the Court | James A. Francis | Frederick T. Smith |
| United States District Court, | FRANCIS & MAILMAN, PC | Esther Slater McDonald |
| District of New Jersey, | 100 S. Broad Street, 19th Floor | Seyfarth Shaw LLP |
| Trenton Division | Philadelphia, PA 19110 | 1075 Peachtree Street, N.E. |
| Clarkson S. Fisher Building | | Suite 2500 |
| 402 East State Street | | Atlanta, GA 30309-3958 |
| Trenton, NJ 08608 | | |

# EXHIBIT C

You may ask the Court for permission to speak at the fairness hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in *Kelly v. First Advantage Background Services Corp.*" Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be sent to the Clerk of Court, Class Counsel, and Defense Counsel, at the three addresses previously provided in Section 6, and must be received by _____, 2017. You cannot speak at the hearing if you have excluded yourself.

There are additional requirements necessary for your attorney if you retain one. These are available as stated in the Settlement Agreement and Preliminary Approval Order.

## 7. WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you do not have to.

The Court will hold a Final Fairness Hearing on _____, 2017 in Courtroom _____ of the United States District Court for the District of New Jersey, Trenton Division, Clarkson S. Fisher Building & U.S. Courthouse, at 402 East State Street, Trenton, NJ 08608. At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will listen to people who have submitted timely requests to speak at the hearing. The Court may also decide the amount that Class Counsel and the Plaintiff will be paid. After the hearing, the Court will decide whether to finally approve the settlement.

## 8. WHERE CAN I GET MORE INFORMATION?

This Notice is only a summary of the proposed settlement of this lawsuit. Certain pleadings and documents filed in Court, including the Class Action Settlement Agreement and Release, may be reviewed or copied in the Clerk's Office or by visiting the website www._____.com. For more information, you may call the Settlement Administrator at 1-_____ or Class Counsel at (703) 424-7730.

**PLEASE DO NOT CALL THE COURT, THE CLERK, OR
THE DEFENDANT REGARDING THIS SETTLEMENT**