# EXHIBIT 2

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
TRENTON DIVISION

MICHAEL KELLY, on behalf of himself and )
all others similarly situated, )
)
        Plaintiff, )
v. )
) Case No. 3:15-cv-05813-MAS-TJB
FIRST ADVANTAGE BACKGROUND )
SERVICES CORP. )
)
        Defendant. )

**NOTICE OF CLASS ACTION SETTLEMENT**

This is a notice of a proposed settlement in a class action lawsuit against First Advantage and is being sent by order of the United States District Court for the District of New Jersey. You are a member of the class and your legal rights will be affected by the settlement of this lawsuit.

**PLEASE READ THIS NOTICE CAREFULLY.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| DO NOTHING | If the Court approves the settlement and you do nothing, you will be considered a member of the Settlement Class and will release certain claims and remedies that you have. As a member of the Settlement Class, you will be mailed a cash payment in the approximate amount of $54.50. The full release and definition of the released parties are available on the settlement website, **www. _____** |
| EXCLUDE YOURSELF | You have the right to exclude yourself ("opt out") from the settlement by sending a written request addressed to "Exclusion—*Kelly v First Advantage* Settlement Administrator" at _____. You must state that you wish to be excluded from the settlement, you must provide your current address, and you must sign the letter yourself. If you validly opt out, you will not receive any monetary payment from the settlement and you will not have any right to object to the settlement, but you will not be bound by the terms of the settlement. The opt-out deadline is _____. |
| OBJECT | You remain a class member, but write to the Court and explain why you don't think the settlement is fair, reasonable, or adequate. The deadline to object is _____. |

**IF YOU WOULD LIKE FURTHER INFORMATION, YOU CAN CONTACT THE SETTLEMENT ADMINISTRATOR, DAHL ADMINISTRATION, AT www._____ or 1-800-_____**
or
**THE LAWYERS REPRESENTING YOU AND THE CLASS AT (703) 424-7730**

## 1. WHAT IS THIS LAWSUIT ABOUT?

Michael Kelly (the "Plaintiff") claims that the Defendant violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (the "FCRA") in connection with preparing employment-purpose consumer reports. Specifically, the Plaintiff contends that the Defendant violated the FCRA by failing to provide written notice to consumers who were the subject of consumer reports containing public record information such as a tax lien, bankruptcy, or judgment at the time Defendant provided the report to potential employers. You are receiving this notice because you are a member of the Settlement Class. There are approximately 8,714 individuals that are part of the Settlement Class.

The Defendant denies the Plaintiff's claims, contends that it acted lawfully and in compliance with the FCRA at all times, and states that it properly sent written notice the Plaintiff and the Settlement Class. The Court has not made any findings regarding liability or damages, nor has the Court expressed an opinion on the merits of the Plaintiff's claims.

The Plaintiff and the Defendant have agreed to settle the Lawsuit to avoid the burden, expense, risk, and uncertainty of continuing the litigation and to achieve a final resolution.

The Settlement Class is defined as follows: All natural persons residing in the United States (including all territories and other political subdivisions of the United States) (a) who were the subject of a consumer report furnished to a third party by First Advantage using its Advantage Direct platform, (b) that was furnished for an employment purpose, (c) that contained at least one record of a civil lien, bankruptcy or judgment from TransUnion, LLC, (d) on or after January 1, 2013 through December 31, 2015, and (e) to whom First Advantage did not place in the United States mail postage pre-paid, on the day it furnished any part of the report containing the public record, a written notice that it was furnishing the subject report and containing the name of the person that was to receive the report.

## 2. WHAT CAN I GET OUT OF THE SETTLEMENT?

A $750,000.00 Settlement Fund will be used to make cash payments to the Settlement Class Members, as well as to pay attorneys' fees and costs, a service award to the Plaintiff, and notice and administration expenses. The settlement provides for cash payments for Settlement Class Members. Each Settlement Class Member will be entitled to a payment, made by check, in the amount of approximately $54.50 after deduction from the Settlement Fund of the attorneys' fees and costs, the service award, and notice and administration expenses.

You do not need to do anything to receive a cash payment under this settlement. If the settlement is finally approved, you will automatically receive a cash payment unless you have excluded yourself from the Settlement Class. The check will be mailed to the address appearing in the Defendant's records. If your address has changed or is changing, you may contact the Settlement Administrator at the address listed at the bottom of this notice.

### 3. WHAT RIGHTS AM I GIVING UP THE SETTLEMENT?

Any excess remaining funds from uncashed checks will go to a *cy pres* recipient, Community Legal Services, subject to approval by the Court.

If you do nothing, you will be part of the Settlement Class. As part of the Settlement Class, you will give up your right to file or continue a lawsuit based on any released claims, including the Defendant's failure to provide you a notice at the time it sent a background check that included public record information to you. The "Release" contained in the Settlement Agreement states:

> Upon Final Approval, the Class Representative, each Settlement Class Member who has not opted out of the settlement in accordance with the terms of this Settlement Agreement, and each of their respective executors, representatives, heirs, successors, bankruptcy trustees, guardians, wards, agents and assigns, and all those who claim through them or who assert claims on their behalf, will be deemed to have completely waived, released and forever discharged the Released Parties, and each of them, from any claims, charges, complaints, actions, causes of action, grievances, controversies, disputes, demands, agreements, contracts, covenants, promises, liabilities, judgments, obligations, debts, damages (including, but not limited to, actual, statutory, compensatory, punitive, and liquidated damages), attorneys' fees, costs, and/or any other liabilities of any kind, nature, description, or character whatsoever, including, without limitation, those based on any federal, state, or local law, statute, ordinance, executive order, constitution, regulation, common law, or public policy, known or unknown, or suspected or unsuspected that the Class Representative or any Settlement Class Member ever had, now has, or may have in the future resulting from, arising out of, or in any way, directly or indirectly, connected with any act, omission, event, incident, matter, dispute, or injury arising from First Advantage's failure to comply with 15 U.S.C. §§ 1681g and 1681k, or from any of the facts alleged in the Action.

### 4. HOW DO I EXCLUDE MYSELF FROM THE SETTLEMENT?

If you do not want a benefit from this settlement, but you want to maintain your right to sue or continue to sue the Defendant on your own about the legal issues in this case, you must take steps to exclude yourself from the Settlement Class. This is sometimes referred to as "opting out" of the Settlement Class.

To exclude yourself from the settlement, you must send a letter stating that you want to be excluded from the settlement of *Kelly v. First Advantage Background Services Corp.* Be sure to include: (1) the name of this lawsuit, *Kelly v. First Advantage Background Services Corp.*, Case No. 3:15-cv-05813-MAS-TJB; (2) your full name, current address, telephone number, and last four digits of your Social Security number; (3) a statement of intention to exclude yourself from the settlement; and (4) your signature. You must mail your Exclusion Request so that it is postmarked no later than _____, 2017 to: _____.

### 5. DO I HAVE A LAWYER IN THE CASE?

In connection with the preliminary approval of the settlement, the Court appointed James A. Francis, John Soumilas, and Lauren KW Brennan of Francis & Mailman, P.C., Kristi Kelly of Kelly & Crandall, PLC, and Leonard Bennett of Consumer Litigation Associates, P.C. to represent you and other members of the Settlement Class. Together, the attorneys are called "Class Counsel." These lawyers will not separately charge you for their work on the case.

If you want to be represented by your own lawyer, you may hire one at your own expense.

Class Counsel will ask the Court for an award of attorneys' fees and costs and expenses incurred in this matter, which the Defendant has agreed to pay as part of the Settlement Fund, with Class Counsel requesting no more than $250,000. However, the Court may ultimately award less than this amount. The Plaintiff will ask the Court to approve a payment of an amount not to exceed $5,000 total as a service award for his efforts and time expended in prosecuting this case. However, the Court may ultimately award less than this amount.

### 6. HOW DO I TELL THE COURT THAT I DO NOT LIKE THE SETTLEMENT?

If you are a Settlement Class Member, you can object to the settlement if you do not think any part of the settlement is fair, reasonable, or adequate. You can and should explain the detailed reasons why you think that the Court should not approve the settlement, if this is the case. To object, you must send a letter stating that you object to the settlement. In your letter, be sure to include: (1) the name of this lawsuit, *Kelly v. First Advantage Background Services Corp.*, Case No. 3:15-cv-05813-MAS-TJB; (2) your full name, current address, telephone number, and last four digits of your Social Security number; (3) a detailed explanation of the reasons you object to the settlement and any papers in support of your position; and (4) a signed verification of membership in the Settlement Class. Mail the foregoing to these three different places postmarked by _____, 2017:

| **COURT** | **CLASS COUNSEL** | **DEFENSE COUNSEL** |
|---|---|---|
| Clerk of the Court | James A. Francis | Frederick T. Smith |
| United States District Court, | FRANCIS & MAILMAN, PC | Esther Slater McDonald |
| District of New Jersey, | 100 S. Broad Street, 19th Floor | Seyfarth Shaw LLP |
| Trenton Division | Philadelphia, PA 19110 | 1075 Peachtree Street, N.E. |
| Clarkson S. Fisher Building | | Suite 2500 |
| 402 East State Street | | Atlanta, GA 30309-3958 |
| Trenton, NJ 08608 | | |

You may ask the Court for permission to speak at the fairness hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in *Kelly v. First Advantage Background Services Corp*." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be sent to the Clerk of Court, Class Counsel, and Defense Counsel, at the three addresses previously provided in Section 6, and must be received by _____, 2017. You cannot speak at the hearing if you have excluded yourself.

There are additional requirements necessary for your attorney if you retain one. These are available as stated in the Settlement Agreement and Preliminary Approval Order.

### 7. WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you do not have to.

The Court will hold a Final Fairness Hearing on _____, 2017 in Courtroom _____ of the United States District Court for the District of New Jersey, Trenton Division, Clarkson S. Fisher Building & U.S. Courthouse, at 402 East State Street, Trenton, NJ 08608. At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will listen to people who have submitted timely requests to speak at the hearing. The Court may also decide the amount that Class Counsel and the Plaintiff will be paid. After the hearing, the Court will decide whether to finally approve the settlement.

### 8. WHERE CAN I GET MORE INFORMATION?

This Notice is only a summary of the proposed settlement of this lawsuit. Certain pleadings and documents filed in Court, including the Class Action Settlement Agreement and Release, may be reviewed or copied in the Clerk's Office or by visiting the website www._____.com. For more information, you may call the Settlement Administrator at 1-_____ or Class Counsel at (703) 424-7730.

**PLEASE DO NOT CALL THE COURT, THE CLERK, OR
THE DEFENDANT REGARDING THIS SETTLEMENT**