# EXHIBIT 4

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## TRENTON DIVISION

| | |
|---|---|
| MICHAEL KELLY, on behalf of himself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 3:15-cv-05813-MAS-TJB ) ) |
| FIRST ADVANTAGE BACKGROUND SERVICES CORP. | ) ) ) |
| Defendant. | ) ) |

## FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

This matter, having come before the Court on Plaintiff's Motion for Final Approval of the proposed class action settlement with Defendant First Advantage Background Services Corp.; the Court having considered all papers filed and arguments made with respect to the settlement, and having provisionally certified, by Order entered _____, a Class, and the Court, being fully advised in the premises, finds that:

1.     This action satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23(a) and (b).  The class as defined in the Settlement Agreement (the "Class") is so numerous that joinder of all members is not practicable, there are questions of law and fact common to the Class, the claims of the Class Representative are typical of the claims of the Class, and the Class Representative will fairly and adequately protect the interests of the Class. Questions of law and fact common to the members of the Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

2.      Notice to the Class required by Rule 23(e) of the Federal Rules of Civil Procedure has been provided in accordance with the Court's Preliminary Approval Order, and such notice has been given in an adequate and sufficient manner; constitutes the best notice practicable under the circumstances; and satisfies Rule 23(e) and due process.

3.      Defendant has timely filed notification of this settlement with the appropriate officials pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.

4.      The Settlement Agreement was arrived at as a result of arms-length negotiations conducted in good faith by counsel for the parties and is supported by the Class Representative.

5.      The settlement as set forth in the Settlement Agreement is fair, reasonable and adequate to the Class Members in light of the complexity, expense and duration of litigation and the risks involved in establishing liability, damages and in maintaining the class action through trial and appeal.

6.      The relief provided under the settlement constitutes fair value given in exchange for the Release of the Released Claims only against the Released Parties, as those terms are defined in the Settlement Agreement.

7.      The persons listed on Exhibit A hereto have validly excluded themselves from the Class in accordance with the provisions of the Preliminary Approval Order.

8.      The parties and each Class Member have irrevocably submitted to the exclusive jurisdiction of this Court for any suit, action, proceeding or dispute arising out of the Settlement Agreement until the Settlement Escrow has been fully disbursed in accordance with Paragraph 5.

9.      Without in any way affecting the finality of this Final Judgment and Order of Dismissal With Prejudice for purposes of appeal, this Court hereby retains jurisdiction as to all

matters relating to the interpretation, administration, implementation, effectuation, and/or enforcement of the Settlement Agreement and/or this Order.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

10.     This action is a class action against Defendant First Advantage Background Services Corp. on behalf of a Class defined as follows:

> All natural persons residing in the United States (including all territories and other political subdivisions of the United States) (a) who were the subject of a consumer report furnished to a third party by First Advantage using its Advantage Direct platform, (b) that was furnished for an employment purpose, (c) that contained at least one record of a civil lien, bankruptcy or judgment from TransUnion, LLC, (d) on or after January 1, 2013 through December 31, 2015 and (e) to whom First Advantage did not place in the United States mail postage pre-paid, on the day it furnished any part of the report containing the public record, a written notice that it was furnishing the subject report and containing the name of the person that was to receive the report.

11.     The Settlement Agreement submitted by the parties is finally approved pursuant to Rule 23(e) of the Federal Rules of Civil Procedure as fair, reasonable and adequate and in the best interests of the Class and the parties are directed to consummate the Settlement Agreement in accordance with its terms.

12.     This action is hereby dismissed on the merits with prejudice and without costs.

13.     As agreed by the parties in the Settlement Agreement, upon the Effective Date, Defendant First Advantage Background Services Corp. and its former, current, and future direct and indirect parents, subsidiaries, affiliates, divisions, successors, predecessors, insurers, assignors, assignees, and/or assigns and their respective subsidiaries, divisions, successors, predecessors, assignors, assignees, and/or assigns, and each of their respective present, former, or future, officers, directors, shareholders, agents, control persons, advisors, employees, representatives, insurers, consultants, accountants, attorneys, fiduciaries, heirs, executors, administrators, beneficiaries, trustees, and any representative of the above (collectively the

3

"Released Parties"), shall be released and discharged from the claims outlined in Section 4 of the Settlement Agreement ("Release of Claims").

14.     Without in any way affecting the finality of this Final Judgment and Order of Dismissal With Prejudice for purposes of appeal, this Court hereby retains jurisdiction as to all matters relating to the interpretation, administration, implementation, effectuation, and/or enforcement of the Settlement Agreement and/or this Order.

15.     Upon consideration of Class Counsel's application for fees and reimbursement of expenses, the Court shall enter a separate Order awarding reasonable fees and expenses in an amount to be set forth in that Order.

16.     Upon consideration of the application for an individual settlement award, the Class Representative, Michael Kelly, is awarded the sum of five thousand dollars ($5,000.00) in consideration of his individual claim against Defendant and for the valuable service he has performed for and on behalf of the Class.

17.     Upon consideration of Plaintiff's unopposed request, Community Legal Services is approved as an additional *cy pres* recipient for purposes of Paragraph 5.6 of the Settlement Agreement.

18.     The Court finds, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay, and directs the Clerk to enter final judgment.


BY THE COURT:


_____
MICHAEL SHIPP
U.S.D.J.

Dated: _____