UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
TRENTON DIVISION

| | |
|---|---|
| MICHAEL KELLY, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br><br>FIRST ADVANTAGE BACKGROUND SERVICES CORP.<br><br>    Defendant. | Case No. 3:15-cv-05813-MAS-TJB |

**ORDER PRELIMINARILY APPROVING SETTLEMENT
AND DIRECTING NOTICE TO CLASS**

  The Court, having reviewed the Settlement Agreement entered by the parties, hereby Orders that:

  1.  The Court has considered the proposed settlement of the claims asserted by the class of employees and job applicants defined as follows (the "Settlement Class"):

> All natural persons residing in the United States (including all territories and other political subdivisions of the United States) (a) who were the subject of a consumer report furnished to a third party by First Advantage using its Advantage Direct platform, (b) that was furnished for an employment purpose, (c) that contained at least one record of a civil lien, bankruptcy or judgment from TransUnion, LLC, (d) on or after January 1, 2013 through December 31, 2015 and (e) to whom First Advantage did not place in the United States mail postage pre-paid, on the day it furnished any part of the report containing the public record, a written notice that it was furnishing the subject report and containing the name of the person that was to receive the report.

  2.  The Settlement Agreement entered between the parties as of March 17, 2017, appears, upon preliminary review, to be fair, reasonable and adequate to the Settlement Class.

Accordingly, the proposed settlement is preliminarily approved, pending a Final Fairness Hearing as provided for herein.

3. The prerequisites to a class action under Fed. R. Civ. P. 23(a) have been satisfied in that:

    (a) there are approximately 8,714 members of the Class;

    (b) the claims of the Class Representative are typical of those of the other members of the Settlement Class;

    (c) there are questions of fact and law that are common to all members of the Class; and

    (d) the Class Representative will fairly and adequately protect the interests of the Class and has retained Class Counsel experienced in consumer class action litigation who have represented and will continue to represent the Class adequately.

4. This action is maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because: (a) a class action is superior to other available methods for the fair and efficient adjudication of this controversy; and (b) questions of fact and law common to the members of the Settlement Class predominate over any questions affecting only individual members.

5. The Court appoints Plaintiff Michael Kelly as the Class Representative and James A. Francis, John Soumilas, and Lauren KW Brennan of the law firm of Francis & Mailman, P.C., Kristi Kelly of the law firm of Kelly & Crandall, PLC, and Leonard A. Bennett of Consumer Litigation Associates, P.C., as counsel for the Class ("Class Counsel").

6. The Court will hold a Final Fairness Hearing pursuant to Fed. R. Civ. P. 23(e) on _____, 2017 *(at least 120 days after entry of Preliminary Approval Order)* in Courtroom _____ at _____ \_.m. for the following purposes:

      (a)    To determine whether the proposed settlement is fair, reasonable and adequate and should be granted final approval by the Court;

      (b)    To determine whether a final judgment should be entered dismissing the claims of the Settlement Class with prejudice, as required by the Settlement Agreement;

      (c)    To consider the application of Class Counsel for an award of attorneys' fees and expenses and for a service award to the Class Representative; and

      (d)    To rule upon other such matters as the Court may deem appropriate.

7.    (a)    Within thirty (30) days of entry of this Order, the Settlement Administrator shall send the Notice in the form attached to the Settlement Agreement as Exhibit C to the last known first class mailing address of Class Members as reflected in Defendant's records.

      (b)    Not later than fifteen (15) days before the Final Fairness Hearing, the Settlement Administrator will file proof of the mailing of the Settlement Class Notice with the Court.

8.    The Court finds this manner of giving notice fully satisfies the requirements of Fed. R. Civ. P. 23 and due process, constitutes the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

9.    If a Class Member chooses to opt-out of the Class, such Class Member is required to submit a request for exclusion to the Settlement Administrator, post-marked on or before the date specified in the Class Notice, which shall be no later than forty-five (45) days before the date of the Final Fairness Hearing or as the Court otherwise may direct. A Class Member who submits a request for exclusion using the procedure identified above shall be excluded from the Settlement Class for any and all purposes. The Settlement Administrator shall provide copies of all requests to opt out to Class Counsel and Defendant's Counsel. No later than ten (10) days prior to the Final

Fairness Hearing, Class Counsel shall prepare and file with the Court, and serve on Defendant's counsel, a list of all persons who have timely opted out of the Settlement Class, as compiled by the Settlement Administrator. At that time, Class Counsel shall also supply its determinations as to whether any request to opt out of the Settlement Class was not submitted timely, and provide written notification to any Settlement Class Member whose request to opt out of the Settlement Class was not submitted on a timely basis..

10. A Class Member who does not file timely a request for exclusion shall be bound by all subsequent proceedings, orders, and judgments in this action. Any Class Member who submits a timely request for exclusion may revoke his or her request for exclusion by submitting to the Settlement Administrator a written statement of revocation, postmarked or received no later than fourteen (14) days before the date of the Final Fairness Hearing.

11. Any Class Member who wishes to be heard orally at the Final Fairness Hearing, and/or who wishes for any objection to be considered must file a written notice of objection within forty-five (45) days before the Final Fairness Hearing. The notice of objection shall be sent by First Class United States Mail to: (a) Class Counsel; (b) Defendant's Counsel; and (c) the Clerk of the Court. Such objection shall be personally signed; shall state the caption of the Action and the name, address and telephone number of the person objecting to the settlement; and shall include a detailed statement of each objection asserted, including the grounds for objection and reasons for appearing and being heard, together with any documents such person wishes to be considered in support of the objection, and all relief sought. Any objector wishing to be heard at the Final Fairness Hearing must also file a notice of intent to appear with the Court Clerk's office and must provide both Class Counsel and Defendant's Counsel with copies of the notice of intent to appear.

12. No later than ten (10) days prior to the Final Fairness Hearing, Class Counsel shall prepare and file with the Court and serve on Defendant's counsel a list of all persons who have timely objected to the settlement.

13. All briefs, memoranda, petitions and affidavits to be filed in support of final approval of the settlement, for an individual award to the Class Representative and for an award of attorneys' fees and expenses shall be filed not later than ten (10) days before the Final Fairness Hearing.

14. The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the Settlement Agreement.

                                BY THE COURT:

                                _____

                                MICHAEL SHIPP
                                U.S.D.J.

Dated: