UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CESAR ALFARO, et al.,

    Plaintiffs,

v.

FIRST ADVANTAGE LNS SCREENING SOLUTIONS, INC.,

    Defendant.

Civil Action No. 15-5813 (MAS) (TJB)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This matter comes before the Court upon Plaintiff Michael Kelly's ("Plaintiff Kelly") Motion for Preliminary Approval of Class Action Settlement, on behalf of himself and all others similarly situated. (ECF No. 55.) Defendant First Advantage LNS Screening Solutions, Inc. ("Defendant") did not oppose the Motion. The Court has carefully considered the Plaintiff Kelly's submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, Plaintiff Kelly's Motion is GRANTED.

**I.    Background**

On March 31, 2015, Plaintiffs Cesar Alfaro and Michael Kelly (the "Named Plaintiffs") filed this consumer class action against Defendant in the United States District Court for the Eastern District of Virginia, alleging violations of the Fair Credit Reporting Act (the "FCRA"), arising out of Defendant's dissemination of "derogatory and incomplete public record

information[.]"¹ (Compl. ¶ 1, ECF No. 1-2.) Named Plaintiffs filed suit on behalf of "[a]ll natural persons who requested a copy of their consumer report (or consumer file) from [Defendant] on or after March 31, 2010, and received a report that did not [] identify the source(s) of the information for any public record date in the report." (*Id.* ¶ 41.)

On May 27, 2015, Named Plaintiffs filed an Amended Complaint, which included four Counts, all of which arise under the FCRA.² (Am. Compl. ¶¶ 1-5, ECF No. 3.) The parties engaged in discovery, and identified a class consisting of more than 8700 individuals. (Pl.'s Moving Br. 3, ECF No. 55-1.) After engaging in some discovery, the parties requested that the Court stay formal discovery so that they could engage in mediation. (Dec. 21, 2015 Order, ECF No. 41.) The Court granted the request on December 21, 2015. (*Id.*) On May 10, 2016, the parties began mediation.³ (Pl.'s Moving Br. 3.) Although the parties were unable to reach a settlement through mediation, they "continued with settlement negotiations among themselves, and continued to exchange discovery." (*Id.* at 4.) On January 3, 2017, the parties reached a proposed settlement. (*Id.*)

## II. Discussion

### A. Class Certification

As an initial matter, no objections have been raised with respect to class certification for the purpose of settlement. Notwithstanding this, the Court conducts a two-step analysis prescribed

---

¹ On July 28, 2015, the matter was transferred to this Court, and Plaintiff Cesar Alfaro was severed and dismissed as a party from the instant litigation. (*See* July 28, 2015 Order, ECF No. 21.)

² The four Counts are as follows: (1) violation of 15 U.S.C. § 1681e(b) ("Count One"); (2) violation of 15 U.S.C. § 1681g(a)(2) ("Count Two"); (3) violation of 15 U.S.C. § 1681i(f)(3) ("Count Three"); and (4) violation of 15 U.S.C. § 1681k ("Count Four"). (Am. Compl. at 9, 10, 13, 16, ECF No. 3.)

³ The mediation was before the Honorable Diane M. Welsh (ret'd), a former United States Magistrate Judge for the United States District Court for the Eastern District of Pennsylvania. (Pl.'s Moving Br. 3.)

2

by Federal Rule of Civil Procedure 23 ("Rule 23") to determine whether to certify the class for settlement purposes. Fed. R. Civ. P. 23(a); *see Sheinberg v. Sorensen*, No. 00-6041, 2016 WL 3381242, at *3 (D.N.J. June 14, 2016) (citing Fed. R. Civ. P. 23(a) advisory committee's note).

> To certify a settlement class, the plaintiffs must satisfy the four threshold requirements of Rule 23(a)—namely numerosity, commonality, typicality, and adequacy—and one of the subparts of Rule 23(b)—in this case, the requirements of Rule 23(b)(3) that the "questions of law or fact common to the class members predominate over questions affecting only individual members, and that a class is superior to other available methods for fairly and efficiently adjudicating the controversy."

*Yaeger v. Subaru of Am., Inc.*, No. 14-4490, 2016 WL 4541861, at *5 (D.N.J. Aug. 31, 2016) (quoting Fed. R. Civ. P. 23(b)(3)).

The proposed class of plaintiffs ("Settlement Class") in the agreement is defined as:

> All natural persons residing in the United States (including all territories and other political subdivisions of the United States) (a) who were the subject of a consumer report furnished to a third party by [Defendant] using its Advantage Direct platform, (b) that was furnished for an employment purpose, (c) that contained at least one record of a civil lien, bankruptcy or judgment from TransUnion, LLC, (d) on or after January 1, 2013 through December 31, 2015 and (e) to whom [Defendant] did not place in the United States mail postage pre-paid, on the day it furnished any part of the report containing the public record, a written notice that it was furnishing the subject report and containing the name of the person that was to receive the report.

(Pl.'s Moving Br. 4.) As discussed below, for settlement purposes only, the Court finds that the proposed Settlement Class meets the requirements of Rule 23 and conditionally certifies the Settlement Class.

    1.    <u>Numerosity</u>

Rule 23(a)(1) requires a class to be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1); *Yaeger*, 2016 WL 4541861, at *5. When examining the

3

potential size of a class, "[p]recise enumeration of the members of a class is not necessary . . . [and] [i]t is permissible to estimate class size." *Zinberg v. Wash. Bancorp, Inc.*, 138 F.R.D. 397, 405 (D.N.J. 1990) (citation omitted). Moreover, "[j]oinder of all members of the class need not be impossible to satisfy Rule 23 . . . [but rather] difficult [] or inconvenien[t]." *Id.* at 405-06. "There is no minimum number needed for a suit to proceed as a class action[,]" but where a class is likely to exceed forty members, the Rule 23(a) numerosity requirement is generally met. *Marcus v. BMW of N. Am., LLC*, 687 F.3d 583, 595 (3d Cir. 2013). Here, the parties stipulate that "the Settlement Class consists of approximately 8714 ascertainable individuals." (Pl.'s Moving Br. 4.) Accordingly, the Court finds that this estimate is sufficient to satisfy the numerosity requirement.

2. Commonality and Predominance

In Rule 23(b)(3) cases, such as this one, the Third Circuit has applied "the Rule 23(a)(2) commonality requirement and the Rule 23(b)(3) predominance tests together." *In re Prudential Ins. Co. of Am. Sales Practice Litig.*, 962 F. Supp. 450, 510 (D.N.J. 1997), *aff'd sub nom.*, *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 148 F.3d 283 (3d Cir. 1998); *see, e.g.*, *Georgine v. Amchem Prods. Inc.*, 83 F.3d 610, 626 (3d Cir. 1996) ("Because 23(b)(3)'s predominance requirement incorporates the commonality requirement, the court will treat them together."). Commonality requires that the "common contention . . . must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Ultimately, "even a single question of law or fact common to the members of the class will satisfy the commonality requirement." *Id.* at 369.

Rule 23(b)(3) then requires that "questions of law or fact common to the class [must] predominate over any questions affecting only individual members[.]" *In re Hydrogen Peroxide*

*Antitrust Litig.*, 552 F.3d 305, 310 (3d Cir. 2008). Although the predominance requirement is "far more demanding" than Rule 23(a)(2), *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623-24 (1997), Rule 23(b)(3) class actions need not be as cohesive as Rule 23(b)(2) class actions because Rule 23(b)(3) class members have an opportunity to opt out, *Barnes v. Am. Tobacco Co.*, 161 F.3d 127, 142-43 (3d Cir. 1998).

Here, the common questions of law or fact include:

    a.    Whether Defendant violated 15 U.S.C. § 1681k in failing to provide notice to class members that adverse public record information was to be reported to employers and failing to ensure that the information they relied on was timely;

    b.    Whether Defendant violated 15 U.S.C. § 1681g in failing to identify the sources from which it obtained such adverse information concerning class members;

    c.    What Defendant's internal policies are concerning "furnishing the required information"; and

    d.    Whether Defendant's actions in violation of 15 U.S.C. §§ 1681k and 1681g were willful.

(Pl.'s Moving Br. 13.) The Court finds that these questions predominate over individual factual differences between class members. In particular, to prove alleged violations of the FCRA, Plaintiff Kelly would have to focus on Defendant's conduct rather than on any individual factual differences in the class members' conduct. Accordingly, the Court finds that the proposed class satisfies the commonality and predominance requirements in Rules 23(a)(2) and 23(b)(3), respectively.

    3.    <u>Adequacy and Typicality</u>

The adequacy and typicality analyses under Rules 23(a)(3) and 23(a)(4), respectively, often merge and may, therefore, be discussed together. *See Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d 154, 186 (3d Cir. 2001) (finding that typicality "criteria tend to merge into

[the] analysis of adequacy of representation under [Rule] 23(a)"). The adequacy prong of Rule 23(a)(4) requires two steps of inquiry. *In re Schering Plough Corp. ERISA Litig.*, 589 F.3d 585, 602 (3d Cir. 2009). "First, the adequacy inquiry 'tests the qualifications of the counsel to represent the class.'" *Id.* (quoting *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 532 (3d Cir. 2004)). "The second component of the adequacy inquiry seeks 'to uncover conflicts of interest between named parties and the class they seek to represent.'" *Id.* (quoting *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d at 532). Additionally, "[t]he burden to prove that the representation is not adequate rests with the party challenging the class' representation." *Buzzarro v. Ocean City*, No. 07-5665, 2009 WL 1617887, at *14 (D.N.J. June 9, 2009). Furthermore, "[n]ot every distinction between a class member and a class representative renders the representative inadequate." *In re Nat'l Football League Players' Concussion Injury Litig.*, 307 F.R.D. 351, 376 (E.D. Pa. 2015), *aff'd*, 821 F.3d 410 (3d Cir. 2016).

The typicality analysis "focuses on the similarity of the legal theory and legal claims; the similarity of the individual circumstances on which the proposed representative may face significant unique or atypical defenses to [the named plaintiffs'] claims." *In re Schering Plough Corp.*, 589 F.3d at 597-98. "[F]actual differences among the claims of the putative class members do not defeat certification." *Baby Neal v. Casey*, 43 F.3d 48, 56 (3d Cir. 1994). In fact, "'[e]ven relatively pronounced factual differences will generally not preclude a finding of typicality where there is a strong similarity of legal theories' or where the claim arises from the same practice or course of conduct." *In re Prudential*, 148 F.3d at 311 (quoting *Baby Neal*, 43 F.3d at 58).

Here, "[i]t appears there is no conflict or antagonism between [Plaintiff Kelly] and the [S]ettlement [C]lass members, and there is no substantial prospect that time will be wasted to sort out atypical aspects of [Plaintiff Kelly's] circumstances or claims." *Yaeger*, 2016 WL 4541861, at

\*6. The Court recognizes that Plaintiff Kelly asserts one individual Count and three class Counts. (*See* Am. Compl.) All Counts, however, concern the same facts.[4] As such, the underlying facts as to whether Defendant violated the FCRA by failing to provide the proper notice, disclosing the sources of its public records, and whether Defendant did so willfully equally pertain to all Counts. Further, all of the Counts arise out of the same practices and internal policies of Defendant. Accordingly, the Court finds that the Settlement Class members' interests are aligned and Plaintiff Kelly's claims are typical of the Class claims, and that the proposed class satisfies the adequacy and typicality requirements in Rules 23(a)(3) and 23(a)(4), respectively.

    4.  <u>Superiority</u>

  Finally, as discussed above, the Court finds that common questions of fact and law predominate over questions affecting individual Settlement Class members. "Fairness is an explicit criterion for a superiority determination, and . . . must be balanced against any disincentive for class action litigation which might result from" denying class certification. *In re N.J. Tax Sales Certificates Antitrust Litig.*, No. 12-1893, 2016 WL 5844319, at \*5 (D.N.J. Oct. 3, 2016) (quoting *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 761 (3d Cir. 1974)). As noted above, it is estimated that the Settlement Class contains thousands of members, and, absent certification, they would have to conduct individual trials, which would likely prove too costly for individuals. Additionally, given the estimated size of the class, individual cases would be excessively burdensome for the Court. Accordingly, the Court concludes that a class action is a superior method to other available methods for fairly and efficiently adjudicating the controversy. *See, e.g., Varacallo v. Mass. Mut.*

---

[4] The factual difference between Count One and the remaining Counts only exists in that Count One alleges that Defendant is liable for specific damages pertaining to Plaintiff Kelly, namely those associated with "embarrassment and humiliation, credit rating, lost opportunities to enter into consumer credit transactions, denial of credit and aggravation, inconvenience, embarrassment and frustration." (Pl.'s Moving Br. 9.)

*Life Ins. Co.*, 226 F.R.D 207, 233 (D.N.J. 2005) (finding that class satisfied the superiority requirement where it was "unlikely that individual [c]lass [m]embers would have the resources to pursue successful litigation on their own").

### III. Conclusion

For the reasons set forth above, the Court GRANTS Plaintiff Kelly's Motion for Preliminary Approval of Class Action Settlement. An order consistent with this Memorandum Opinion will be entered.

s/ Michael A. Shipp<br>
**MICHAEL A. SHIPP**<br>
**UNITED STATES DISTRICT JUDGE**

**Dated:** August 16, 2017